# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WARREN PARKS,
     Petitioner,

Case No. 1:16-cv-992

    vs.

Bertelsman, J.
Litkovitz, M.J

WARDEN, CORRECTIONAL
INDUSTRIES FACILITY,
    Respondent.

**REPORT AND
RECOMMENDATION**

     Petitioner, an inmate incarcerated at a correctional facility in Pendleton, Indiana, has

initiated this action by filed a motion for leave to proceed *in forma pauperis* in connection with a

*pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner's

*in forma pauperis* application is incomplete because petitioner has not submitted any financial

information from his institution of incarceration to allow the Court to determine if he is without

the funds to pay the $5.00 filing fee required for the commencement of federal habeas corpus

actions.[1] However, the Court need not address the deficiency because it plainly appears from

the face of the petition that it is subject to dismissal with prejudice for lack of jurisdiction under

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* 28

U.S.C. foll. § 2254.

     In the petition, the petitioner challenges the Ohio Supreme Court's ruling in Case No.

2016-0959, which involved an appeal from an intermediate appellate court's decision affirming

---

[1] It is noted that although petitioner's *in forma pauperis* application is subject to consideration in this federal habeas proceeding, the petitioner is a "three-striker" within the meaning of 28 U.S.C. § 1915(g), who may not proceed *in forma pauperis* in any other civil action absent a showing that he is "under imminent danger of serious physical injury." *See, e.g., Warren Parks v. Prosecutor Holcomb, et al.*, No. 1:14-cv-318 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.) (Docs. 6, 8) (denying the petitioner's motion for leave to proceed *in forma pauperis* in connection with a complaint because of his "three-striker" status stemming from his numerous prior lawsuits that were dismissed as frivolous).

an order regarding petitioner's obligation to make child support payments. (*See* Doc. 1,

Petition).  Upon review of the Ohio Supreme Court's online docket records for Case No. 2016-

0959,[2] it appears that the Butler County Court of Common Pleas, Domestic Relations Division,

issued an order denying as "untimely" the petitioner's motion filed in October 2015 requesting a

judicial hearing after an administrative hearing officer issued a recommendation in May 2012 to

uphold a finding that petitioner was in default of "child support arrears" owed to the Butler

County Child Support Enforcement Agency.  On May 31, 2016, the Ohio Court of Appeals,

Twelfth Appellate District, affirmed the trial court's decision.  Case No. 2016-0959 involved

petitioner's appeal from that decision to the Ohio Supreme Court.  On July 19, 2016, the Ohio

Supreme Court dismissed the appeal for lack of prosecution because the petitioner had not filed a

memorandum in support of jurisdiction by the due date. On September 14, 2016, the Ohio

Supreme Court denied the petitioner's motion for reconsideration.  Petitioner states in the instant

petition that September 14, 2016 is the date of the judgment he is attacking.  (*See* Doc. 1,

Petition, at PAGEID#: 3).

   This Court only has jurisdiction under 28 U.S.C. § 2254 to consider habeas applications

by persons "in custody pursuant to the judgment of a State court."  *See* 28 U.S.C. § 2254(a); *see

also Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3), with emphasis

added by the Supreme Court) ("The federal habeas statute gives the United States district courts

jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in

violation of the Constitution or law or treaties of the United States.'").  In this case, it appears

clear from the face of the petition that neither the Ohio Supreme Court's challenged judgment

nor the underlying decisions by the lower state courts resulted in petitioner's current confinement

---

[2] The public online docket records for Case No. 2016-0959 can be found at the following website link:
https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2016/959.

2

in Indiana.  In addition, the state court decisions challenged herein do not constitute rulings requiring petitioner's future custody in Ohio for non-payment of "child support arrears." Therefore, petitioner is unable to satisfy the "in custody" requirement for federal habeas jurisdiction to lie.  *Cf. Lehman v. Lycoming Cnty. Children's Services Agency*, 458 U.S. 502, 510-11 (1982) (holding that the petitioner, who was "simply seek[ing] to relitigate through federal habeas . . . the interest in her own parental rights," was not "in custody" within the meaning of § 2254); *Collier v. Petro*, No. 1:05cv2908, 2007 WL 81849, at *4-5 (N.D. Ohio Jan. 8, 2007) (relying on *Lehman*, the district court held that the petitioner, who was challenging state-court rulings regarding visitation rights in a domestic relations case, failed to satisfy § 2254's "in custody" jurisdictional requirement because he had not "raised any issue involving his prior imprisonment and custody on [a] contempt finding" and had merely raised a "visitation rights issue").

In any event, courts that have considered the issue have consistently held out of "deference to state expertise in the field of domestic relations" that the extraordinary remedy of a writ of habeas corpus is not available, and indeed would be "inappropriate," in such cases.  *See, e.g., Castorr v. Brundage*, 674 F.2d 531, 535-36 (6th Cir. 1982); *see also Lehman*, 458 U.S. at 515-16 (holding that "§ 2254 does not confer federal-court jurisdiction" in cases involving child-custody disputes); *Jacobson v. Summit Cnty. Children Services Bd.*, 202 F. App'x 88, 909 (6th Cir. 2006) (relying on *Lehman* in holding that the court lacked habeas jurisdiction to review the state court's judgment involuntarily terminating parental rights); *Collier, supra*, 2007 WL 81849, at *5 (holding that the petitioner was "forbidden from" seeking to "overturn the Ohio Supreme Court's decision in his state-court child visitation battle by way of a habeas Petition" because "district courts clearly lack jurisdiction over state court child custody decisions").

3

Indeed, it is well settled that federal courts generally lack jurisdiction over domestic relations matters, including child support, "even when those questions are presented in the guise of a federal question." *See Robinson v. Michigan*, No. 1:09cv564, 2009 WL 3011225, at *3 (W.D. Mich. Sept. 16, 2009) (and numerous cases cited therein); *see also Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) ("[u]nder the principles of comity and deference to state expertise in the field of domestic relations," and in accordance with the court's "consistent policy," the Sixth Circuit "decline[d] to exercise jurisdiction" over claims that constituted collateral attacks on state-court judgments pertaining to child custody); *Lee v. Johnson-Wharton*, No. 1:14cv868, 2014 WL 7015178, at *4 (S.D. Ohio Dec. 11, 2014) (Dlott, J.; Litkovitz, M.J.) (relying on *Stephens* and *Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013), in holding that the district court lacked jurisdiction to consider claims couched in terms of a civil rights action, which essentially amounted to a collateral attack of a state-court judgment terminating the plaintiff's parental rights). The *Rooker-Feldman* doctrine, which generally prohibits federal district courts from entertaining appeals from cases already litigated in state court,[3] also is applicable to the extent that the petitioner is complaining about state court rulings issued against him before the instant action commenced and is inviting this Court to review and reject those determinations. *See Lee*, *supra*, 2014 WL 7015178, at *3 (holding that the district court also lacked jurisdiction under the *Rooker-Feldman* doctrine to reverse the state court's decision terminating the plaintiff's parental rights).

Accordingly, in sum, because it plainly appears that this Court lacks jurisdiction to consider the petitioner's habeas corpus petition brought pursuant to 28 U.S.C. § 2254, the petition should be dismissed with prejudice at the screening stage. *See Rule 4, Rules Governing

---

[3] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that this Court lacks jurisdiction to consider it.

2.  A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/17/16

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WARREN PARKS,                                           Case No. 1:16-cv-992
          Petitioner,

                                                        Bertelsman, J.
     vs.                                                Litkovitz, M.J.

WARDEN, CORRECTIONAL
INDUSTRIES FACILITY,
          Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

6